**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KAREN HECK-JOHNSON,**

        **Plaintiff,**

      **v.**                                 **Civil No. 9:01-CV-01739**
                                                           **(GLS/RFT)**

**FIRST UNUM LIFE INSUSRANCE**
**COMPANY,**

        **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Craig Meyerson           CRAIG MEYERSON, ESQ.
Airport Park
17 British American Boulevard
Latham, New York 12110

**FOR THE DEFENDANT:**
McNamee, Lochner Law Firm     MICHAEL J. GRYGIEL, ESQ.
677 Broadway
Albany, New York 12207

**GARY L. SHARPE**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    In October 2001, Karen A. Heck-Johnson sued First Unum Life

Insurance Company of America in New York Supreme Court alleging, *inter alia*, ERISA violations.[1]  *See Notice of Removal, Ex. A, Dkt. No. 1*; *see also* 29 U.S.C. § 1001 et seq. (ERISA).  A month later, First Unum's retained counsel, McNamee, Lochner, Titus & Williams, P.C. ("McNamee"), removed the action.  *See* 29 U.S.C. § 1132.  McNamee now moves to withdraw as First Unum's counsel.  Heck-Johnson opposes the motion and seeks sanctions, and she has also filed an unauthorized cross-motion seeking declaratory and summary judgment.  For the reasons that follow: McNamee's motion is granted; decision is reserved on Heck-Johnson's request for sanctions; and Heck-Johnson's cross-motion for declaratory and summary judgment is denied with leave to renew with permission of the court.

## II. Background

After removal, First Unum answered and counterclaimed on November 29, 2001.  *See Dkt. No. 3*.  On December 26, Heck-Johnson answered the counterclaim, *see Dkt. No. 6*, and on March 20, 2002, First Unum withdrew it.  *See Stipulation & Order, Dkt. No. 13*.

---

[1] Hombre, Inc. and Ayco Company, LP were original defendants, but have since been dismissed by stipulation.  *See Dkt. No. 81.*

2

On September 4, 2002, Magistrate Judge Treece issued an order limiting discovery to, *inter alia*, the applicable standard of ERISA review. *See Dkt. No. 22*. In ERISA actions, the review standard is often critical. If a plan gives an administrator discretionary authority to determine its terms or eligibility, judicial review is typically limited to whether an administrator's subsequent adverse decision is arbitrary and capricious. Absent a plan's grant of discretionary authority, judicial review is usually *de novo*. By amended order, Judge Treece closed discovery on April 3, 2003. *See Dkt. No. 25*.

In March 2003, the case was reassigned to District Judge McAvoy, *see Dkt. No. 24*, and First Unum filed a motion for judgment on the administrative record in June. *See Dkt. No. 32*. After Heck-Johnson filed her opposition, *see Dkt. No. 37*, Judge McAvoy took the motion on submit in August. *See Dkt. No. 45*. On August 29, Judge McAvoy ordered the parties to submit proposed factual findings and legal conclusions, and the parties complied. *See 08/29/03 Clerk's Entry; see also, Dkt. Nos. 46-48*. On September 18, he adjourned a scheduled trial because the motion was under consideration. *See Dkt. No. 50*. Four months later and before Judge McAvoy decided the motion, the case was reassigned to District

3

Judge Kahn, and reassigned to this court two months later. *See Dkt. Nos. 52, 53.*

On December 3, 2004, this court scheduled First Unum's motion to be heard on submit on January 20, 2005. *See 12/03/05 Text Notice.* However, on December 29, 2004, and without permission, Heck-Johnson filed a supplemental memorandum of law referencing the Second Circuit's decision in *Locher v. Unum Life Ins.Co. of Am.*, 389 F.3d 288 (2d Cir. 2004). *See Dkt. Nos. 54-56.* In the interests of justice, the court accepted Heck-Johnson's non-compliant memorandum, and permitted First Unum to respond. *See 01/05/05 Text Order; see also, Dkt. Nos. 59-61.* The January 20 return date was adjourned pending submission of the supplemental briefs. *See id.*

On January 27, 2005, the court ordered supplemental briefing concerning the impact, if any, of First Unum's Multi-State settlement agreement. *See 01/27/05 Text Order.* After the parties responded, *see Dkt. Nos. 62-64*, the court scheduled the motions to be heard on submit on July 21, 2005, *see 04/04/05 Text Notice*, and then rescheduled them for oral argument on September 15. *See 08/24/05 Text Notice.* On September 8, the court granted the parties' joint adjournment request, and

4

rescheduled the return for September 29. *See Dkt. No.* 66.

The day before the scheduled return, First Unum filed a letter seeking to withdraw its motion and submit a new motion. *Dkt. No.* 67. The original motion conceded *de novo* review because First Unum's plan did not afford discretionary authority to the administrator. According to McNamee's letter, First Unum's in-house counsel discovered at the last minute that the plan had been amended to grant discretionary authority, and, therefore, the arbitrary and capricious standard should govern the court's review. *Id.*

During the September 29 return, the court discussed First Unum's late request with the parties, and declined to reach the merits of the pending motion. *See Dkt. No. 68.* Heck-Johnson, who had less than two hours to digest First Unum's request, argued that a change in theory would prejudice her because First Unum had consistently conceded that a *de novo* standard applied. She further argued that if the court granted the request, further discovery would be necessary and sanctions would be appropriate. *Id.* At Heck-Johnson's request, the court granted her permission to respond to First Unum's letter, and granted First Unum permission to reply by November 14. *See Minute Entry, Dkt. No. 68.*

Heck-Johnson filed her response on October 25, and argued, *inter*

5

*alia*, that First Unum's request to withdraw its motion and alter its theory constituted sanctionable conduct and should be denied.  *See Dkt. No. 70.*

Three days before First Unum's reply was due, McNamee filed a letter requesting permission to withdraw with the consent of First Unum.  *See* Dkt. No. 73.  Apparently, McNamee and First Unum believed that their mutual consent was the sole withdrawal requirement.  However, the court denied the request on November 14, with leave to renew in compliance with Local Rule 83.2(b).  *See* Dkt. No. 74.  First Unum's reply deadline was stayed pending refiling and disposition of the withdrawal motion.  *See 11/14/05 Text Notice.*  On November 21, First Unum's counsel refiled the withdrawal motion.  *See Dkt. No.* 75.  On December 15, Heck-Johnson filed an unnecessary and unauthorized cross-motion.  See *Dkt. No.* 76.  To the extent her cross-motion sought sanctions, it duplicated her October 25 reply.  To the extent it sought declaratory and summary judgment, she exceeded the scope of the court's authorized reply.

Thereafter, the court issued an order scheduling these motions to be heard on submit on January 19, 2006.  *See 01/12/06 Text Notice.*  On January 24, the court ordered McNamee to supplement its withdrawal motion in order to assert facts demonstrating good cause for the withdrawal

6

request.  *See 01/24/06 Text Notice.*  The court also stayed Johnson's cross-motion for sanctions, summary judgment and declaratory judgment until further notice.  *Id.*  On January 25, Heck-Johnson objected to the court order permitting McNamee to supplement its withdrawal motion *ex parte*, and requested clarification.  *See Dkt. No.* 78.  On January 26, the court denied Heck-Johnson's request.  *See Dkt. No.* 29.  On February 3, First Unum submitted supplemental documentation in support of its withdrawal motion.  *See Dkt. No.* 80 *(Sealed).*

During the preparation of First Unum's November reply to Heck-Johnson's October 25 response, McNamee and First Unum's in-house counsel developed a "substantial disagreement" regarding the reply, and "mutually agreed that maintaining the representation [was] not tenable under the circumstances."  *See Grygiel Aff. at ¶ 4; Dkt. No. 75.*  According to First Unum, their relationship had "broken down" because of "personal and professional differences."  *See LoBosco Aff. at ¶¶ 3, 5; Dkt. No. 77.*  Anticipating that the court would grant the withdrawal motion, First Unum retained new counsel who is prepared to promptly file the outstanding reply.  *See Grygiel Aff. at ¶ 6; Dkt. No. 75.*  In sealed *ex parte* submissions authorized by the court to protect issues of privilege, both McNamee and

7

in-house counsel have articulated a serious disagreement between attorney and client over the defense of this case.

## III. Discussion

Withdrawal of counsel in a civil case is governed by Local Rule 83.2(b) which provides:

> An attorney who has appeared may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw.  If leave to withdraw is granted, the withdrawing attorney must serve a copy of the order upon the affected party and file an affidavit of service.
> Unless the Court orders otherwise, withdrawal of counsel shall *not* result in the extension of any of the deadlines contained in any case management orders....

McNamee has fully complied with the rule's procedural aspects since it has filed a motion, and noticed First Unum and Heck-Johnson.  *See Dkt. No. 75.*  First Unum consents to the motion, and has already obtained substitute counsel who is prepared to promptly file the outstanding reply due.  *Id.*  The only issue, therefore, is good cause.

Apparently, McNamee and First Unum believed that given their mutual consent, good cause was irrelevant.  Their view might well have emanated from settled New York law that an attorney can be dismissed by a client at any time regardless of cause.  *See Garcia v. Teitler*, 443 F.3d

202, 211 (2d Cir. 2006) (citation omitted). Federally, however, district courts have broad discretion to control their dockets, and may enact rules requiring good cause before they permit withdrawal. *See e.g., Whiting v. LaCara*, 187 F.3d 317, 320-21 (2d Cir. 1999); *DiTondo v. Nat'l Rent-A-Fence*, No. 3:03-CV-14, 2005 WL 1475648, *3 (N.D.N.Y. June 22, 2005). This district has done so. *See* L.R. 83.2(b).

When assessing good cause, courts have considered the disruption to litigation caused by withdrawal, including its impact on firmly scheduled events. *LaCara*, 187 F.3d at 320-21. Thus, considerations of judicial economy may support the discretionary denial of the motion. *Id.* at 321. No doubt, the timing of the motion in terms of the length of prior proceedings may also militate against withdrawal. Nonetheless, courts must evaluate the countervailing reasons supporting withdrawal, and a dissertation regarding the innumerable conflicts that may arise between attorney and client is unnecessary in this case. It is sufficient to note that courts have often distinguished between conflicts mandating withdrawal and those permitting withdrawal, and have often looked to Codes of Professional Responsibility for guidance, s*ee LaCara*, 187 F.3d at 321, and this district has adopted the New York State Code of Professional

9

Responsibility.  *See* L.R. 73.4(j).  According to the Code, a lawyer is permitted to withdraw if:

> The client: (i) Insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law[;]... [or] (iv) [b]y other conduct that renders it unreasonably difficult for the lawyer to carry out employment effectively.

DR-2-110, 22 N.Y.C.R.R. § 1200.15(c)(i) & (iv).  When a client insists on dictating legal strategies to the lawyer to the extent that their relationship significantly deteriorates, the situation may constitute the functional equivalent of a conflict of interest establishing good cause to withdraw. *See e.g.*, *LaCara*, 187 F.3d at 323.

The court has reviewed the submissions of McNamee and First Unum in support of the withdrawal motion, including those filed publically and those submitted *in camera* and *ex parte* with permission of the court.  Without revealing privileged confidences, it is readily apparent that there is a fundamental conflict between the two concerning legal strategy that has caused their relationship to deteriorate.  It is also readily apparent that substitution of counsel four years after litigation was commenced and at the dispositive motion stage will inevitably delay progress of the case.  Given

10

the functional conflict, however, further delay is an insufficient reason to deny the motion.

## IV. Conclusion

In accordance with L.R. 83.2, the court finds good cause supporting the withdrawal of McNamee as counsel for First Unum, and grants McNamee's motion.

Additionally, and given the docket confusion caused by the protracted history of this case and by unauthorized filings, the court seizes the opportunity to clarify the record and to provide guidance regarding resolution of outstanding matters.[2]

On June 24, 2003, Hambre, Inc. and Ayco Company, LP moved for summary judgment. *See Dkt. No. 39*. On April 11, 2006, the court dismissed Heck-Johnson's claims against these defendants pursuant to a stipulation of voluntary dismissal. *See Dkt. No. 83*. Therefore, the motion for summary judgment is moot.

On June 6, 2003, First Unum filed a motion for Judgment on the Administrative Record seeking dismissal of Heck-Johnson's complaint.

---

[2] As for the protracted history, this case has lingered on the docket for lengthy periods attributable to the judiciary, and the court apologizes.

11

*See Dkt. No. 32.*

On September 28, 2005, First Unum moved for permission to withdraw its June 6, 2003, motion (*Dkt. No. 32*), and submit a new motion. *See Dkt. No. 67.*

On September 29, 2005, the court reserved decision on First Unum's motion to withdraw and refile, and set a post-return supplemental briefing schedule requiring Heck-Johnson to respond by October 29, and First Unum to reply by November 14. *See Dkt. No. 68.*

On October 25, 2005, Heck-Johnson filed her response to First Unum's motion to withdraw and refile. *See Dkt. No. 70.*

On November 14, 2005, the court stayed First Unum's response date, *see Dkt. No. 68*, pending decision on McNamee's motion to withdraw as counsel. *See 11/14/2005 Text Order.*

On December 15, 2005, Heck-Johnson filed an unauthorized "cross-motion" for sanctions and for summary and declaratory judgment. *See Dkt. No. 76.* The cross-motion is unauthorized because on September 29, 2005, the court authorized her to respond to First Unum's motion to withdraw and refile by October 29 which she did on October 25, 2005. *See Dkt. Nos.* 68, 70. The court never authorized further submissions, and also

12

notes that Heck-Johnson *never* cross-moved for either summary judgment or judgment on the administrative record in response to the original dispositive motions filed by First Unum, or Hambre, Inc. and Ayco Company, LP.

In Heck Johnson's response to First Unum's motion to withdraw, she essentially seeks information regarding the details of the conflict between McNamee and First Unum. The court permitted McNamee to file the motion *in camera* precisely because such details risk disclosure of confidential communications. Accordingly, the court denies access to McNamee's sealed submission.

Regarding the motion to refile, she argues that it is frivolous. In other words, she factually asserts that the plan amendments cited by First Unum as support for an arbitrary and capricious review do not apply to her. *See Heck-Johnson Resp., Myerson Affirmation at ¶¶ 4-11; Dkt. No. 70*. Furthermore, she argues that First Unum has consistently admitted that the standard is *de novo*, and now seeks to alter its theory based on documents that were not part of the administrative record or ever disclosed in discovery. Therefore, she argues, discovery that was closed in 2003 will have to be reopened. *Id.* at ¶¶ 19-21. Lastly, she argues in her cross-

13

motion for sanctions that she has been forced to respond to a frivolous motion, and will be forced to incur the expense of further responses if the court permits First Unum to refile. *See Heck-Johnson MOL at 6-7; Dkt. No. 70*; *see also Heck-Johnson Cross-Mot., Dkt. No. 76.* Given the current posture of the case, the court intends to proceed as follows:

   1. On or before May 19, 2006, First Unum's new counsel shall file a notice of appearance, and file a reply to Heck-Johnson's response to the motion to withdraw and refile (*see* Dkt. No. 68; *see also* Dkt. No. 70 (*Heck-Johnson Response*));

   2. To the extent Heck-Johnson's unauthorized cross-motion (*see* Dkt. No. 76) supplements her request for *sanctions* articulated in her Response (*see* Dkt. No. 70), the court will consider it as a supplement to her Response, but otherwise *denies* the cross-motion for declaratory and summary judgment with leave to renew with permission of the court; and

   3. After the court receives First Unum's Reply, it will *either* schedule a return date for the motion or take the motion on submit, and notify the parties, accordingly.

Based upon the foregoing, it is hereby

**ORDERED** as follows:

14

1. Pursuant to Local Rule 83.2(b), the motion of McNamee, Lochner, Titus & Williams, P.C. to withdraw as counsel for First Unum Life Insurance Company is **GRANTED**;

2. McNamee, Lochner, Titus & Williams, P.C. **SHALL** serve a copy of this Memorandum-Decision and Order on First Unum Life Insurance Company;

3. On or before **MAY 19, 2006**, First Unum Life Insurance Company **SHALL** retain new counsel, and new counsel **SHALL** file a notice of appearance as required by Local Rule 83.2(a);

4. On or before **May 19, 2006**, new counsel on behalf of First Unum Life Insurance Company **SHALL** file a Reply to Heck-Johnson's Response to First Unum's motion to withdraw and refile its dispositive motion (*see* Dkt. Nos. 70, 76), but **SHALL NOT** respond or reply to Heck-Johnson's cross-motion (*see* Dkt. No. 76) to the extent the cross-motion seeks non-sanctions relief;

5. To the extent Heck-Johnson's cross-motion (*see* Dkt. No. 76) seeks declaratory and summary judgment *independent* of sanctions, it is **DENIED** with leave to renew with permission of the court;

6. To the extent any of Heck-Johnson's prior submissions may

15

be construed as an application to review the sealed submissions of McNamee, Lochner, Titus & Williams, P.C. or First Unum Life Insurance Company (*see* Dkt. No. 80) filed in support of the motion to withdraw, such application is **DENIED**; and

7. The motion for summary judgment filed by Hambre, Inc. and Ayco Company, LP (*see* Dkt. No. 39) is **DENIED AS MOOT** because Heck-Johnson and those defendants have filed a stipulation of voluntary dismissal. (*see* Dkt. No. 83).

**SO ORDERED.**

**Dated: May 4, 2006**

Gary L. Sharpe
U.S. District Judge